### In re GENERAL METALS CO.

(District Court, Southern District of New York. November 3, 1904.)

1. BANKRUPTCY—TRANSFER OF CASE—CONVENIENCE OF PARTIES.

The business of a New York corporation, having an office in New York City, where the most of its financial business was done and some of its supplies purchased, was the operation of a smelter in Colorado, which cost $750,000 and employed about 150 men. Petitions in bankruptcy were filed against it in both districts; that in New York, which was first filed, being followed by an adjudication. There were creditors in both New York and Colorado and in other states. Many of the New York claims, which were largest in amount, were held by persons interested in the company as stockholders and directors. *Held,* on evidence showing that the more important questions likely to arise could probably be most conveniently litigated in Colorado, that the case should be transferred to that district.

In Bankruptcy. On motion to transfer case to another district.

Lunt, Brooks & Wilcox and Hall, Babbitt & Thayer, for the motion. Philbin, Beekman & Menken, opposed.

HOLT, District Judge. This is a motion to transfer the case to the United States District Court for the District of Colorado. The bankrupt is a corporation organized under the law of New York. It was engaged in the business of reducing gold ores into bullion at Colorado City, Colo. Two petitions in involuntary bankruptcy have been filed against it, one in this district on September 21, 1904, and one in Colorado on September 24, 1904. A receiver was appointed by this court, and a marshal directed to take possession of the assets by the court in Colorado. An adjudication in bankruptcy has been made in this court. It does not appear whether one has been made in Colorado. The company operated near Colorado City a large reduction mill and plant, which cost about $750,000. It employed at the mill a force of about 150 men. It had an office in the city of New York, at which much of the financial business of the company was done, and at which a part of its supplies were purchased. It has about 50 New York creditors, holding claims for about $300,000. It has about 210 Colorado creditors, of whom about 150 are employés. The total claims of the Colorado creditors amount to about $214,000. There are 17 creditors situated neither in New York nor Colorado, having claims aggregating about $45,000. Most of these are in western cities, among others Salt Lake City, Chicago, Cleveland, Columbus, St. Louis, Milwaukee, and Kansas City. One New York creditor, having a claim for $50,000, prefers to have the case administered in Colorado. Various important questions are likely to arise and be the subject of litigation, in some of which most of the witnesses reside in New York City and in others in Colorado. I think the more important of these

questions are probably those which can be most conveniently litigated in Colorado. Many of the New York creditors having claims for money loaned are interested in the company as stockholders or directors, while most of the western creditors are not connected with the company. Under these circumstances, although neither district affords any very conspicuously superior advantages over the other as a place for the administration of the estate, I think, upon the whole, that the greatest convenience of the parties in interest will be subserved by having this estate administered in Colorado.

The motion is therefore granted, the case transferred from this district to the district in Colorado, the proceedings in the two courts consolidated, and the order appointing the receiver vacated upon his accounting. The order should be settled on notice.